DIAMOND IRON WORKS, Inc., v. WISCONSIN FOUNDRY & MACHINE CO.

No. 117.

District Court, W. D. Wisconsin.

Jan. 10, 1941.

F. A. Whiteley, of Minneapolis, Minn., Fred W. Genrich, Sr., of Wausau, Wis., and Lester C. Lee, of Madison, Wis., for plaintiff.

Edward A. Haight, of Chicago, Ill., C. Crownhart, Jr., and R. B. Murphy, both of Madison, Wis., for defendant.

STONE, District Judge.

1.  The plaintiff is the owner of the United States patent to Corser No. 2,117,-300, and is entitled to sue for infringement thereof.

2. The essential features of the Corser invention as they appear in the claims are:

a.   That there is a rotary lifting device, recited in the claims as inclined saucer-like, which is a single unitary structure formed with a unitary material-supporting bottom.

b.   That this lifting device has an open center.

c. That the main "endless conveyor" or "receiving means" passes through the open center of the lifting device.

d.   That it receives crusher material at its low point and transfers this material at its high point upon the top of the main conveyor by gravity only.

e.   That for this purpose it is rotatable and has means provided to rotate it.

f.   That there is a crushings conveyor taking material from the crushers to the rotary conveyor.

g.   That the crushings conveyor at its lower end underlies the crushers and at its upper end overlies the rotary conveyor at its low point, and hence that the crushings conveyor is under and in the vertical plane of the main top or plant conveyor.

h.   That, as a necessary result of these several essential features recited in the claims, the operating parts are all in a line along the center of the machine and are substantially within the limits of the bed frame; and the result of this combination and arrangement is to effect delivery of the crushings to the main conveyor in a uniform continuous feed uniformly across the width of the main conveyor, without pulsating piles or ranges of material at one side of the belt, whereby the crusher material goes to the screens with a uniform even feed across the width of the screens.

3.   The inclined open-center saucer-like conveyor of the Corser claims embodies an annular continuous material-receiving bottom and a flange wall substantially at right angles thereto, all comprised in a single unitary rotating member.

4.   The plaintiff and the defendant are both engaged in the manufacture and sale of rock crushing and screening plants and other road equipment.   Machines embodying the Corser invention sell at prices ranging from $12,000 to $25,000.   The plaintiff has sold thirty-one of its machines within the past four years, while the defendant has sold six of its accused machines in two years.

5.   Rock crushing and screening plants such as illustrated by Exhibit 4, manufactured and sold by the defendant, are charged to be infringements of each of the claims of the Corser patent in suit.

6.   Prior to January, 1933, the defendant manufactured a rock crushing and screening plant, illustrated by Exhibit 32.   Said plant and similar plants were offered for sale and sold by defendant beginning in January, 1933, and advertised beginning in May, 1933, by the bulletin, Exhibit 18.

7. The plants illustrated in Exhibit 32 include screening devices, crushing mechanisms, and receiving and delivery means as defined in each of the claims of the Corser patent. The only difference in structure between the said plants and the claims of the Corser patent is that the said plants like Exhibit 32 utilize a pivoted bucket elevating conveyor to return the material which has been crushed to the main plant conveyor which delivers to the screens, while each of the claims of the Corser patent utilizes an inclined, saucer-like elevating conveyor to return the crushed material to the main plant conveyor.

Corser improved the elevating conveyor described in Exhibit 32. He placed the improved elevator in the old combination of Exhibit 32 in place of the bucket elevator there shown. All the other elements were left undisturbed, with each element performing the same task it had theretofore performed. The improved elevator was lighter, narrower and had fewer moving parts.

8. The screens, crushing mechanism, and endless conveyors in plants like Exhibit 32 operate in the identical manner that the corresponding elements in each of the claims of the Corser patent would operate. The inclined, open-center, saucer-like conveyor, while in operation, co-operates with other conveyors of the rock crushing machine so as to elevate crushed material from the crushers to the screens through gradual ascents. The conveyor that transfers the crushed material from the crushers to the rotary, saucer-like conveyor, extends directly under the main conveyor and transfers the crushed material to the lower part of the saucer-like conveyor which, in turn, transfers it onto and across the width of the main conveyor in a substantially uniform stream, from which it is discharged across the width of the screen.

The arrangement of the elements of the Corser machine puts them in a line along the center of the machine within the limits of the bed frame, substantially reducing the length, height and width, and distributes the weight thereof upon the wheels uniformly, which increases the ease of portability and quick set-up, eliminating the necessity of dismantling a part of the machine when the equipment is moved from place to place.

9. There is no difference in function between the pivoted bucket elevating conveyor in Exhibit 32 and the inclined saucer-like elevating conveyor in each of the claims of the Corser patent, each of said elevating conveyors serving only to elevate the crushed material to the main plant conveyor.

10. Bucket conveyors, vertical drum conveyors, and inclined saucer-like conveyors are all shown in the prior art.

11. The substitution of an inclined saucer-like conveyor for the pivoted bucket conveyor in Exhibit 32 did not require invention.

12. Each of the claims of the Corser patent is invalid for lack of invention.

13. The inclined saucer-like conveyor and the vertical drum conveyor are advantageous, in being narrower and having fewer moving parts than the pivoted bucket conveyor. The pivoted bucket conveyor and accessories are slightly heavier than a vertical drum conveyor or an inclined saucer-like conveyor, but the weights are so nearly the same that no practical difference exists.

14. Each of the claims of the Corser patent is invalid because they claim the combination of the prior art plant, Exhibit 32, with only the substitution of an alternative form of elevating conveyor which does not affect the construction, operation, or function of the other elements of the plant.

15. The pivoted bucket conveyor in Exhibit 32 delivered material to the main plant conveyor in regular, even strips which were contiguous so as to amount to perfectly even flow when the plant was operating at full capacity.

16. At no time in the operation of plants like Exhibit 32 was there any disadvantageous "piling" of material upon the main plant conveyor by the bucket elevator, or any overloading of screens or crushers resulting from the bucket elevator, or any disadvantageous segregation of material resulting from the bucket elevator.

17. Plaintiff's allegation that the inclined saucer-like conveyor described in the Corser patent and the vertical drum conveyor used by defendants in plants like Exhibit 4 deliver material to the screens and crushers more evenly than the pivoted buckets in Exhibit 32 was not mentioned in the Corser specification, in the Corser file wrapper and contents, or in the plaintiff's advertising.

18. The Corser specification and drawings disclose a feeding hopper provided with a reciprocating gate to open and close

the bottom of the hopper and thereby intermittently feed the material from the pit.

19. The incline of the main plant conveyor and the vibrations of the entire plant tend to even out the material being conveyed to the screen by the main plant conveyor and obliterate any piles of material which might be placed upon said conveyor.

20. The baffle or discharge head which reverses the flow of the material from the main plant conveyor to the screen tends to dampen any variation in quantity of material and provide an even flow to the screen.

21. The improvements in the running gear of the rock crushing and screening plants being made and sold at the present time give greater portability than existed in devices made and sold in about 1927.

22. In the vibrating screens used at the present time in rock crushing and screening plants the vibrations of the screen are at right angles to the inclined plane of the screen. At each vibration of the screen each piece of material on the screen is kicked upward and forward. The material is thus carried down the slope of the screen, the smaller pieces passing through the openings and the larger pieces being carried off the edge of the screen and delivered to the crushers.

23. No appreciable or disadvantageous segregation of material resulted from the use of a pivoted bucket elevator in Exhibit 32.

24. The feed of the vertical drum in Exhibit 4 and the feed of the pivoted buckets in Exhibit 32 are substantially identical so far as even flow is concerned.

25. Every element of every claim of the Corser patent was shown in the prior art and operated in the prior art in the same way that it operates in the Corser patent structure.

26. Exhibit 4 does not embody an inclined saucer-like conveyor.

27. Each of the claims of the Corser patent is expressly limited to include an inclined saucer-like conveyor.

28. The increased capacity of plaintiff's commercial plant embodying the Corser patent over rock crushing plants in use in 1927 is not due alone to the use of an inclined saucer-like conveyor, but is due to the use of improvements by the industry generally in crushing rolls, an improved screen, and a reject sand conveyor.

29. The capacity of a Corser plant is no greater than the capacity of a prior art plant such as shown in Exhibit 32 having comparable screens and crushing units.

30. When the Corser patent application was pending before the Patent Office, Corser applied for a claim which included substantially the elements of allowed claims, except that the elevating conveyor was not limited to. the inclined saucer-like form. This claim was rejected by the Patent Office and cancelled by Corser.

31. None of the claims of the Corser patent is, or has been, infringed by the defendant.

## Conclusions of Law.

1. The court has jurisdiction of the parties and the subject matter.

2. The improvement of one part of an old combination gives no right to claim that improvement in combination with other old parts which perform no new function in the combination.

3. Each of the claims of the Corser patent is invalid because drawn to cover an exhausted combination.

4. Any patented device, all of the elements of which are old and each of which performs the same function taught by the prior art, fails as an invention.

5. Each of the claims of the Corser patent is invalid for lack of invention.

6. No one is an infringer of a combination claim unless he uses all the elements thereof.

7. In view of the fact that the prior art showed the identical combination claimed by Corser, except for the form of elevating conveyor claimed by Corser, the words "inclined" and "saucer-like" in each of the Corser claims must be limited to the precise form of mechanism designated.

8. A patentee cannot successfully contend that his patent shall be construed as if it still contained a claim which was rejected on the prior art and withdrawn.

9. The defendant has not infringed any of the claims of the Corser patent in suit.

10. The defendant is entitled to a decree dismissing the complaint and for costs.

Let judgment be entered accordingly.